**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **TRENITA ASHLOCK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 1:14-17899** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 4) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document Nos. 1 and 8).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## FACT AND PROCEDURE

**A.      Criminal Action No. 4:11-cr-00049:**

On October 7, 2011, Petitioner was convicted in the Eastern District of Virginia of one count of Conspiracy to Commit Mail Fraud (Count One), in violation of 18 U.S.C. § 1349 and 1341. United Statement v. Ashlock, Case No. 4:11-cr-00049 (E.D.Va. February 13, 2012), Document Nos. 18 - 20. On February 13, 2012, the District Court ordered that Petitioner serve a total term of 75 months incarceration. Id., Document Nos. 30 and 32. Petitioner did not appeal her conviction or

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

sentence to the Fourth Circuit Court of Appeals.

**B.     Section 2255 Motion:**

On August 17, 2012, Petitioner filed in the Eastern District of Virginia her Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Ashlock, Case No. 4:11-cr-00049, Document No. 36. In her Motion, Petitioner asserted the following grounds: (1) Trial counsel acted ineffectively in failing to adequately explain the plea agreement and failing to object to the presentence report; (2) The District Court erred in calculating her guideline sentence; (3) Improper search and seizure; and (4) The United States violated the terms of the plea agreement. (Id.) On April 29, 2013, the United States filed its Response. Id., Document No. 43. Petitioner filed her Reply on May 28, 2013. Id., Document No. 46. By Proposed Findings and Recommendation entered on August 13, 2013, United States Magistrate Judge Tommy E. Miller recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 48. Petitioner filed her Objections on September 3, 2013. Id., Document No. 49. By Memorandum Opinion and Judgment Order entered on September 13, 2013, the District Court adopted Judge Miller's recommendation and dismissed Petitioner's Section 2255 Motion. Id., Document Nos. 50 and 51. Petitioner filed her Notice of Appeal on September 27, 2013. Id., Document No. 53. On February 26, 2014, the Fourth Circuit denied Petitioner's certificate of appealability and dismissed her appeal. Id., Document No. 58.

**C.     Section 2241 Petition:**

On June 9, 2014, Petitioner filed her instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:14-017899, Document No. 1.) Petitioner challenges her conviction and sentence alleging that (1) trial counsel acted ineffectively, (2) the District Court erred in calculating her guideline sentence, and (3) the search warrant was unconstitutional. (Id.) Petitioner, therefore,

requests "a resentencing hearing under the <u>Alleyne</u> case." (<u>Id.</u>) As Exhibits, Petitioner attaches the following: (1) A copy of "Worksheet D" (1-1, p. 1.); (2) A copy of Petitioner's Plea Agreement as filed in Criminal No. 4:11-cr-49 (<u>Id.</u>, pp. 2 - 13.); (3) A copy of U.S.S.G. § 2B1.1 (<u>Id.</u>, pp. 14 - 17.); (4) A copy of pertinent pages from the "Virginia Residential Landlord and Tenant Act" (<u>Id.</u>, pp. 18 - 20.); (5) A copy of Money Orders and Money Order Receipts (<u>Id.</u>, pp. 21 - 28.); (6) A copy of Invoices from Domestic Fuels and Lubes, Inc. (<u>Id.</u>, p. 29.); (7) A copy of the "Search Inventory and Return," "Affidavit for Search Warrant," and Search Warrant (<u>Id.</u>, pp. 30 - 33.); (8) A copy of the "United States Magistrate Judge's Report and Recommendation" recommending that Petitioner's Section 2255 Motion be denied (<u>Id.</u>, pp. 34 - 44.); and (9) A copy of District Court's "Judgment" denying Petitioner's Section 2255 Motion (<u>Id.</u>, p. 45.).

On November 10, 2014, Petitioner filed an Addendum to her Section 2241 Petition. (Document No. 8.) Petitioner states that on October 14, 2014, the Department of Justice announced a policy that "prosecutors making plea offers should no longer demand that defendants waive their right to bring a later Sixth Amendment challenge to the quality of their attorney's representation."[2] (<u>Id.</u>) By letter filed on October 23, 2014, Petitioner advised the Court that she had been transferred to FCI Coleman, located in Coleman, Florida.[3] (Document No. 6.)

_____

[2] The record reveals that Petitioner was not precluded from alleging ineffective assistance of counsel. The merits of Petitioner's ineffective assistance of counsel claim were clearly considered by the Eastern District of Virginia. (<em>Ashlock</em>, Case No. 4:11-cr-00049, Document Nos. 48 and 50.)

[3] A Section 2241 petition for <em>habeas corpus</em> must be filed "in the district in which the prisoner is confined." <em>In re Jones</em>, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed her Section 2241 Petition while incarcerated at FPC Alderson, located in Alderson, West Virginia. FPC Alderson lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, she was transferred by the BOP to FCI Coleman, which is located in the Middle District of Florida. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." <em>United States v. Edwards</em>, 27 F.3d

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's

---

564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding her transfer to a prison outside this District.

4

sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Eastern District of Virginia. Specifically, Petitioner contends that trial counsel was ineffective, the District Court improperly calculated her sentencing guideline range, and she was subjected to an unconstitutional search. Petitioner is clearly challenging the validity of her conviction and sentence, not the manner in which her sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

5

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion Petitioner's because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[4]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Surratt, 2015 WL 4591677 (4th Cir. July 31, 2015)(finding that petitioner could not properly challenge his sentence under Section 2241 because Jones opened a narrow gateway to Section 2241 relief for prisoners "actually innocent of their offenses of *conviction*")(emphasis added); United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir.

2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e) savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence of the underlying conviction. Citing Alleyne, Petitioner argues that the District Court improperly enhanced her sentence.[5] The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Alleyne does not meet the requirements of the saving clause. See Burke v. Williams, 2015 WL 3970984 (N.D.W.Va. June 30, 2015); Coppola v. O'Brien, 2015 WL 3771748 (N.D.W.Va. June 17, 2015); *also see* Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9,

---

[5]  In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *Alleyne*, however, establishes a new rule of criminal procedure rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Both the Fourth Circuit has determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 2013 WL 5397401 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *also see United States v. Redd*, ___ F.3d ___, 2013 WL 5911428, * 3 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d, 875 (7th Cir. 2013); *Manning v. United States*, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013).

2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 8) and **REMOVE** this matter

from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 31, 2015.

R. Clarke VanDervort
United States Magistrate Judge