IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TRENITA ASHLOCK,

    Petitioner,

v.                              Civil Action No: 1:14-17899

UNITED STATES,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. Nos. 1, 8), and petitioner's application to proceed without prepayment of fees or costs.  (Doc. No. 4).  By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 2).  The magistrate judge submitted his proposed findings and recommendation ("PF&R") on August 31, 2015.  (Doc. No. 10).  In the PF&R, Magistrate Judge VanDervort recommended that the court deny petitioner's application to proceed without prepayment of fees and costs, dismiss petitioner's application for a writ of habeas corpus, and remove this matter from the court's docket.  (Doc. No. 10 at 9-10).

1

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Petitioner requested, and received, two additional extensions of time in which to file objections. (Doc. Nos. 13, 15). Petitioner timely filed objections on November 9, 2015. (Doc. No. 16). Because petitioner's objections are without merit, the court adopts the PF&R, denies her application to proceed without prepayment of costs and fees and dismisses her petition for a writ of habeas corpus.

I.  **Background**

On October 7, 2011, petitioner was convicted in the Eastern District of Virginia of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349 and 1341. <u>United States v. Ashlock</u>, Case No. 4:11-cr-00049 (E.D. Va. Feb. 13, 2012) (Doc. Nos. 18-20). The district court sentenced petitioner to a total term of seventy-five months' incarceration. <u>Id.</u> at Doc. Nos. 30, 32. Petitioner did not appeal her conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On August 17, 2012, petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the Eastern District of Virginia. In her motion, petitioner raised the following grounds for relief: (1) trial counsel was

ineffective by failing to explain adequately the plea agreement and failing to object to the presentence report; (2) the district court erred in its calculation of the appropriate guideline range; (3) the unconstitutionality of the search and seizure conducted at her home; and (4) that the United States violated the terms of the plea agreement. Ashlock v. United States, Civil No. 4:12-cv-133; 2013 WL 5275908, at *5-7 (E.D. Va. Sept. 19, 2013). The district court denied petitioner's motion. Id. at *7. The Fourth Circuit denied a certificate of appealability and dismissed her case. Ashlock v. United States, 557 F. App'x 209 (4th Cir. 2014) (per curiam).

Petitioner filed the instant petition under 28 U.S.C. § 2241 on June 9, 2014. In the petition, petitioner challenges her conviction and sentence on the following grounds: (1) ineffective assistance of counsel; (2) the district court erred in its calculation of the appropriate guideline range; and (3) the search warrant issued to search her home was unconstitutional. (Doc. No. 1).

II. **Analysis**

Magistrate Judge VanDervort concluded in the PF&R that the relief petitioner seeks is afforded under § 2255, rather than § 2241. Petitioner's arguments for relief clearly address the validity of her conviction and sentence, rather than the terms of her imprisonment. Magistrate Judge VanDervort concluded that

3

transfer of the petition to the Eastern District of Virginia would be futile, because petitioner has already proceeded under § 2255 before and has not received authorization to file a successive § 2255 motion.  The court further found that petitioner's petition did not qualify under the "savings clause" of § 2255 and, as a result, her § 2241 petition should be dismissed.

Petitioner's objections do not relate to the analysis or conclusions contained in the PF&R, but instead reiterate the arguments made in her original petition.  These objections "do not direct the court to a specific error in the magistrate's proposed findings and recommendations" because they are "general and conclusory."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  As a result, a court need not conduct a de novo review of such objections.  Id.

If anything, petitioner's objections confirm the PF&R's conclusion that her petition is, in actuality, a § 2255 motion.  In her objections, petitioner repeatedly attacks the legality of the search warrant used to search her property and seize evidence used against her at her criminal trial.  These arguments, already considered and rejected by the sentencing court, challenge the validity of her conviction and such issues are properly raised in a § 2255 motion.  Petitioner offers no

4

information or argument that contradicts this finding. Consequently, petitioner's objections are overruled.

### III. Conclusion

Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R.  The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DISMISSES** petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. Nos. 1, 8), **DENIES** petitioner's application to proceed without prepayment of fees or costs, (Doc. No. 4), and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** on this 23rd day of November, 2015.

ENTER:

David A. Faber
Senior United States District Judge